IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   **Paul James Stowe**                     Case No. 25-00968-KMS
         **Leslie Goins Stowe, Debtors**          CHAPTER 13

### AFFIDAVIT OF ATTORNEY

STATE OF MISSISSIPPI

COUNTY OF Lauderdale

Will Parker of _____, being first duly sworn in connection with the application of the Debtors that I be employed as Special Counsel for the above referenced Debtors to perform services in the aforesaid styled and numbered matter, do herby state:

1. That, to the best of my knowledge, I represent no interest adverse to said Debtors, Trustee or the Estate of the Debtors in the matters upon which I am to be engaged and that I am a disinterested party, except as set out below.

2. That, to the best of my knowledge, I have no connection or affiliation with the Debtors, Trustee, creditors, or other parties in interest herein, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set out below.

3. That said services shall be rendered under a contingent fee agreement.

4. That for the purposes of full disclosure, the following exceptions and notations are made, to-it:

    a. As Special Counsel for Debtors, I will perform legal services in connection with the prosecution of Debtors' personal injury claim.

FURTHER, AFFIANT SAITH NOT.

Dated this the 29 day of May, 2025.

By: X _____

SWORN TO AND SUBSCRIBED BEFORE ME, this the 29 day of May, 2025.

_____
NOTARY PUBLIC

[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID# 493203, ASHLEY JONES, Commission Expires Sept. 26, 2028, CLARKE COUNTY]

Signature: Ashley Jones

DATE: 4/26/25

MERIDIAN, MISSISSIPPI

## EMPLOYMENT AGREEMENT

__Paul Stowe__ has engaged Will Parker, Attorney at Law to represent
(Client)

Client in the following matter: __4/27/25 auto accident__

Counsel will perform the following services: __prosecute claim (w/ form)__

Other services performed will be with authorization from the Client and billed separately.

I.  CLIENT FUNCTIONS AND AUTHORIZATION

Client agrees to pay Counsel for such services and to pay expenses incurred in connection therewith; and to cooperate fully with counsel and provide all information known by or available to the Client in aid of the case.

Client authorizes Counsel to take all actions deemed advisable on Client's behalf, other than final settlement action, to which Client must approve. Counsel agrees to notify Client of significant developments and to consult with Client regarding decisions.

II. LEGAL FEES AND EXPENSES

A.  Client and Counsel agree that fees shall be as follows:

__33 1/3__ % of any and all sums or anything of value recovered by way of settlement prior to instituting a lawsuit; or

__33 1/3__ % of any and all sums or anything of value recovered after a lawsuit has been instituted; or

__33 1/3__ % of any and all sums or anything of value recovered after trial has begun or full preparation for trial has been made; or

__4__ % of any and all sums or anything of value recovered if any judgment is appealed,

either on behalf of the Client or by any adverse party, or if garnishment or any proceeding after judgment has to be brought to collect the judgment or any portion thereof; or

45 % of any and all sums or anything of value recovered if the Matter is the subject of a retrial as ordered by a trial or appellate court.

Client grants to Counsel a lien upon any monies received, and Counsel is authorized to receive payment on behalf of Client to make and control distribution of any sums recovered.

  B. The Client agrees that the Counsel may deduct from the proceeds of any recovery the applicable fee as agreed upon above, along with all other fees, charges, and expenses for which the Client is responsible and which remain unpaid at the time the recovery proceeds are received.

  C. Such fee shall be computed on the basis of the gross recovery.

  D. The Counsel agrees to make no compromise or settlement in this Matter without the approval of the Client as to the specific settlement or compromise. The Counsel agrees to notify the Client whenever an offer of settlement or compromise is received by the Counsel, and to inform Client of the amount of that offer, and the recommendation of the Counsel as to the acceptability thereof. The Client agrees to notify the Counsel whenever an offer of settlement or compromise is received by the Client, and to inform the Counsel of the amount and terms of any such offer.

  E. The Client agrees to give the Counsel a lien on the claims or causes of action and on any sum recovered by way of settlement and on any judgment that may be recovered thereon to the extent of the sums herein provided as the Counsel's fees and other fees, charges and expenses incurred.

Client agrees to pay fees or charges of other persons hired by Counsel to perform necessary services related to the Matter, such as court reporters, appraisers, accountants, investigators, etc.

Client agrees to pay expenses in providing services to Client, such as filing fees, courier or messenger services, recording and certifying documents, depositions, transcripts, physician evaluations, accident reconstruction, investigations, witness expense, long distance telephone calls, copying, overtime clerical assistance, travel expenses,
postage, etc.


## III. GENERAL MATTERS

  A. Counsel agrees not to accept any engagement in conflict with interests of the Client without prior approval of client.

2

B.  This relationship is subject to termination as follows:

   1.  Counsel reserves the right to withdraw if Client does not honor this Agreement or for any just reason under the Mississippi Code of Professional Responsibility or as permitted by the rules of courts. In the event of withdrawal, Client agrees to promptly pay for all services rendered and all expenses.

   2.  The Client reserves right to terminate representation for cause if Counsel fails to honor this Agreement. Client shall promptly reimburse Counsel for fees, charges, and expenses, prior to the date of such termination.

C.  Counsel agrees to use best efforts in representing Client. Client acknowledges that Counsel has given no assurances regarding the outcome of this Matter.

D.  Representation by Counsel will not commence until this Agreement is executed and any retainer payable at the outset is in fact paid by the Client.

E.  This Agreement shall not be modified except by written agreement of both parties. This Agreement shall be binding on Client and Counsel and their respective heirs, executors, legal representative, and successors.

4-26-25
DATE

_____
CLIENT

_____
DATE

_____
CLIENT

4/26/25
DATE

_____
COUNSEL

3